The bill alleges that one John J. Evans sued out a writ in the county court of Yancy, against the defendant Abner Halcomb, and one Henry S. Halcomb, which was duly executed on the defendants therein named, by the defendant William A. Peake, as the deputy of Thomas Wilson, the then sheriff of that county, on the 10th of May, 1840; that Peake failed to take a bail-bond from the Halcombs, and by reason of such default, the plaintiff Evans ran a sci. fa. against Wilson, the sheriff, to subject him as special bail of the Halcombs, on which he recovered judgment for _____, being the amount of the *Page 324 
judgment, with interest and costs, which Evans had recovered in his action against Abner and Henry Halcomb. This judgment was rendered at Fall Term, 1848, of the Superior Court.
At October Term, 1839, of Yancy county court, Wilson, the sheriff, renewed his bond, and gave the plaintiffs, Tilman Blalock and Thomas Baker, as his sureties, which bond continued in force until October Term, 1840. Immediately after the renewal of his bond as sheriff, Wilson appointed the defendant William A. Peake his deputy for that year, and took a bond for the faithful performance of his duty, with Abner Halcomb and one Willie C. Bailey as his sureties; that previously to the term at which Evans' judgment against Wilson was recovered, to wit, the Fall Term, 1848, of Yancy Superior Court, Wilson had become insolvent, and left the State without paying this recovery; that Evans then sued on the official bond of the sheriff, and recovered in the Superior Court from his sureties, the plaintiffs Blalock and Baker, the unsatisfied amount which he had recovered from Wilson, the sheriff, in 1848, (vide Evans v. Blalock, 2 Jones' Rep. 377); that Wilson is dead, insolvent, and Blalock has administered on his estate, and made himself a party to this suit in that character; that the defendants Halcomb and Bailey are citizens of Tennessee, and are both insolvent; that Peake is an inhabitant of Madison county, and is amenable to the jurisdiction of the court; that the said Peake, by a bill in equity, which he filed in said county against Abner Halcomb, has secured certain property which is in his hands, to indemnify himself from loss, by reason of not taking a bail-bond from the said Halcomb.
The prayer is that the plaintiffs may be subrogated to all the rights of Wilson, the sheriff, against the defendants, and that the fund provided by Peake for his indemnity, may be subjected for the indemnification of the plaintiffs who have paid the debt.
There was a demurrer, and a joinder in demurrer.
The cause being set down for argument was sent to this Court. *Page 325 
When the sureties of a sheriff are compelled to pay money by reason of the default of a deputy who has given a bond with sureties to the sheriff for the faithful discharge of his duties, the application of the doctrine of substitution is established. Brinson v. Thomas, 2 Jones' Eq. 474. This disposes of the demurrer; for a demurrer which is bad as to part, is disallowed altogether. As the defendant is obliged to put in an answer, the Court will not take the trouble to look into the bill and point out the parts that need not be answered. In this case, the demurrer is also bad as to the other part.
The sheriff had a right to resort to the fund which his deputy had secured for his indemnity, and the same principle of substitution, (which is a very beneficent one, and well calculated to promote the ends of justice), gives his sureties an equity whereby to reach the fund for their indemnity.
PER CURIAM, Demurrer over-ruled.